# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | | |
|---|---|---|
| Bryan Martin *and* <br> Bridgett Martin <br>     *Plaintiff* <br><br> v. <br><br> GLA Collection Co., Inc. <br>     *Defendant* <br> Serve: <br>     Michael L. Lynch <br>     2630 Gleeson Lane <br>     Louisville, KY 40299 <br><br> I.C. System, Inc. <br>     *Defendant* <br> Serve: <br>     CT Corporation System <br>     306 W. Main Street <br>     Suite 512 <br>     Frankfort, KY 40601 <br><br> One Advantage, LLC <br>     *Defendant* <br> Serve: <br>     The Corporation Trust Co. <br>     Corporation Trust Center <br>     1209 Orange Street <br>     Wilmington, DE 19801 <br><br> Norton Physician Services Billing <br> *Assumed name for* <br> Community Medical Assoc., Inc. <br>     *Defendant* <br> Serve: <br>     Robert B. Azar <br>     4967 U.S. Highway 42 <br>     Suite 101 <br>     Louisville, KY 40222 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.  **3:16CV-456-GNS** |

Pinnacle Credit Services, LLC )
    *Defendant* )
Serve: )
    Todd Striker )
    7900 Highway 7 )
    St Louis Park, MN 55426 )
     )
Trans Union, LLC )
    *Defendant* )
Serve: )
    The Prentice Hall Corp. System )
    421 West Main Street )
    Frankfort, KY 40601 )
     )
Equifax Information Services, LLC )
    *Defendant* )
Serve: )
    Corporation Service Company )
    421 West Main Street )
    Frankfort, KY 40601 )
     )
Experian Information Solutions, Inc. )
    *Defendant* )
Serve: )
    CT Corporation System )
    306 W. Main Street )
    Suite 512 )
    Frankfort, KY 40601 )

## **COMPLAINT and DEMAND FOR JURY TRIAL**

### INTRODUCTION

    1.    This is an action brought by Plaintiffs Bryan and Bridgett Martin for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and for declaration of unconstitutionality of the Kentucky State Statute KRS 404.040 under the United States Constitution ("U.S. Constitution") pursuant to 28 U.S.C. § 2201, and for defamation pursuant to Kentucky state common law.

### JURISDICTION

    2.    This Court has jurisdiction of the federal statutory claims alleged pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. §1692k(d), the FCRA § 1681p, and 28 U.S.C. § 2201. Plaintiffs ask the Court to take supplemental jurisdiction of their interrelated state-law

defamation claim under 15 U.S.C. § 1367.

## PARTIES

3.  Plaintiffs Bryan and Bridgett Martin are both natural persons who reside in Jefferson County, Kentucky. Mr. Mitchell is a "consumer" and Mrs. Mitchell is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a (3); and the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.  Defendant GLA Collection Co., Inc. ("GLA") is a third-party debt collector, whose principal office is located in Kentucky at 2630 Gleeson Lane, Louisville, KY 40299.

5.  GLA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

6.  I.C. System, Inc. is a third-party debt collector, whose principal office is located in Minnesota at 444 Highway 96 East, St. Paul, MN 55127.

7.  I.C. System regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

8.  One Advantage, LLC is a third-party debt collector, whose principal office is in Illinois and is located at 7650 Magna Drive, Belleville, IL 62223.

9.  One Advantage regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

10. Norton Physician Services Billing is an assumed name for Community Medical Assoc., Inc., whose principal office is in Kentucky and located at 1930 Bishop Lane, Louisville, KY 40218.

11. Pinnacle Credit Services, LLC is a third-party debt collector, whose principal office is in Minnesota and located at 7900 Highway 7, St. Louis Park, MN 55426.

12. Pinnacle regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

13. Defendant Trans Union, LLC is a foreign limited liability company, with its principal place of business in Illinois located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

14. Defendant Equifax Information Services, LLC is a foreign limited liability company, with its principal place of business in Georgia located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

15. Defendant Experian Information Solutions, Inc. is a foreign corporation, with its principal place of business in California located at 475 Anton Blvd., Costa Mesa, CA 92626. Experian has registered to do business with Kentucky Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

**I.  Facts Relating to GLA**

16. GLA is a furnisher of information within the meaning of the Fair Credit Reporting Act ("FCRA").

  **A.  Norton Physician Services Debt**

17. On or about March 1, 2016 Mr. Martin discovered that GLA was furnishing negative information to the credit reporting agencies Experian, Transunion and Equifax on his credit report in connection with a Norton Physician Services debt allegedly incurred by his wife Bridgett Martin.

18. As further alleged *infra,* Norton Physician Services failed to first properly bill Mrs. Martin's third party payer for the debt at issue. Consequently, this is not a debt that she owes.

19. The alleged Norton Physician Services debt was incurred for personal medical services, which makes the Norton Physician Services debt a "debt" within the meaning of the FDCPA.

20. GLA furnished the negative credit information concerning Mr. Martin and the Norton Physician Services debt allegedly owed by Mrs. Martin to collect the debt by coercing Mr. Martin to pay the debt. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

21. GLA furnished the negative credit information concerning the debt allegedly owed by Ms. Martin pursuant to purported authority of KRS 404.040, which states:

> The husband shall not be liable for any debt or responsibility of the wife contracted or incurred before or after marriage, except to the amount or value of the property he received from or by her by virtue of the marriage; but **he shall be liable for necessaries furnished to her after marriage.**

Bolding added.

22. KRS 404.040 is a codification of the common law "necessaries doctrine."

23. KRS 404.040 violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution by discriminating on the basis of gender in that in Kentucky KRS 404.040 makes a husband liable for the necessary expenses of his wife but there is no equivalent statute or law in Kentucky that makes a wife liable for the necessary expenses of her husband.[1]

### B. Norton Immediate Care Debt

24. GLA is furnishing negative credit information concerning Mr. Martin and an alleged debt to Norton Immediate Care to one or more consumer credit reporting agencies.

25. The alleged Norton Immediate Care debt was incurred for personal medical services, which makes the Norton Immediate Care debt a "debt" within the meaning of the FDCPA.

26. According the negative credit information furnished by GLA, the Norton Immediate Care debt has a high balance of $188.00 and was incurred on March 7, 2015.

27. GLA's information concerning the date on which the debt was incurred is false.

28. Upon information and belief, the Norton Immediate Care debt relates to a debt that was incurred in 2007.

29. Consequently, GLA has re-aged the debt, thereby allowing the debt to remain on

---

[1] "There is no question that, when applied only to men, the necessaries doctrine offends the principle of equal protection under the law." *Medical Ctr. Hosp. v. Lorrain*, 165 Vt. 12, 675 A.2d 1326 (Vt. 1996). *Accord North Ottawa Community Hosp. v. Kieft*, 578 N.W.2d 267 (Mich. 1998); *Connor v. Southwest Fla. Reg'l Medical Ctr.*, 668 So. 2d 175, 176 (Fla. 1995); *Emanuel v. McGriff*, 596 S. 2d 578 (Ala. 1992); *Condore v. Prince George's County*, 425 A.2d 1011 (Md. 1981); *Schilling v. Bedford County Memorial Hosp., Inc.*, 303 S.E.2d 905 (Va. 1983).

Mr. Martin's credit report long after the date on which the debt should have aged off.

30. GLA violated the FDCPA by attempting to collect a debt from Mr. Martin that he does not owe and by furnishing false credit information concerning Mr. Martin to one or more consumer credit reporting agencies.

II.   **Facts Relating to Norton Physician Services Billing**

31. On or about December 9, 2014, Mrs. Martin went to Norton Physician Services for treatment.

32. At the time of treatment, Mrs. Martin had Kentucky Passport Medicaid ("Kentucky Passport") medical insurance in place that would have paid for all or most of the charges she incurred for the treatment.

33. Norton Physician Services intentionally or negligently failed to bill Mrs. Martin's insurance.

34. Mrs. Martin contacted Kentucky Passport which confirmed that it never received any bills or other information concerning the December 9th visit to Norton Physician Services Billing.

35. Mrs. Martin has spoken on more than one occasion with Norton Physician Services Billing representatives who told her that her information had been coded wrong and that the error would be corrected.

36. Under Mrs. Martin's agreement with Norton Physician Services, she is only obligated to pay Norton Physician Services any part of the bill that was not paid by Kentucky Passport insurance.

37. Norton Physician Services Billing falsely claimed, published, and reported to one or more debt collection companies, including GLA and One Advantage, that Mrs. Martin owed the full amount of charges for the December 9th visit. Norton Physician Services Billing's actions were negligent or grossly negligent.

38. The credit information published and reported by Norton Physician Services Billing was false because unless and until Norton Physician Services Billing submits Mrs. Martin's bill to her medical insurance company, Mrs. Martin is not and cannot liable for any amount not paid by her medical insurance company.

39. When Norton Physician Services Billing published and reported false, negative

credit information about Mrs. Martin, Norton Physician Services Billing knew or should have known that GLA and/or One Advantage would report the credit information to one or more consumer reporting agencies.

40. The false negative credit information published and reported by Norton Physician Services Billing about Mrs. Martin was not privileged.

41. Information that one has not paid a medical bill and is in default on a medical bill is information that was offensive to Mrs. Martin as it would be to any reasonable person.

42. The false negative credit information Norton Physician Services Billing reported and published about Mrs. Martin caused her actual damages in the form of loss and denial of credit, frustration, humiliation, and emotional distress.

### III. Facts Relating to One Advantage, LLC

43. One Advantage, LLC ("One Advantage") is a furnisher of information within the meaning of the Fair Credit Reporting Act.

44. Mrs. Martin recently discovered that One Advantage was furnishing negative information on her consumer credit reports in connection with a Norton Physician Services debt.

45. As explained above, Norton Physician Services Billing failed to properly bill Mrs. Martin insurance for the debt at issue. Consequently, this is not a debt that she owes.

46. The alleged Norton Physician Services debt was incurred for personal medical services, which makes the Norton Physician Services debt a "debt" within the meaning of the FDCPA.

47. One Advantage furnished negative credit information concerning Mrs. Martin and the Norton Physician Services debt allegedly owed by Mrs. Martin for purposes of collecting a debt from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

48. One Advantage violated the FDCPA by attempting to collect a debt from Mrs. Martin that she does not owe and by furnishing false credit information concerning Mrs. Martin to one or more consumer credit reporting agencies.

### IV. Facts Relating to I.C. System, Inc.

49. I.C. System, Inc. ("I.C. System") is a furnisher of information within the meaning

of the FCRA.

50. I.C. System is furnishing, to one or more consumer credit reporting agencies, negative credit information concerning Mrs. Martin and a debt originated by Time Warner Cable.

51. Neither Mrs. Martin nor Mr. Martin has ever had an account with Time Warner Cable ("TWC").

52. Upon information and belief, the TWC debt was incurred for personal, family, or household purposes, which makes the TWC debt a "debt" within the meaning of the FDCPA.

53. I.C. System furnished negative credit information concerning Mrs. Martin and the TWC debt allegedly owed by Mrs. Martin for purposes of collecting a debt from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

54. Mrs. Martin, by counsel, disputed the negative credit information furnished by I.C. System and the TWC debt.

55. On or about April 29, 2016, Mrs. Martin's counsel sent written dispute letters to Experian, Equifax, and Trans Union.

56. Upon information and belief, Experian, Equifax, and Trans Union all sent I.C. System notice of Mrs. Martin's dispute, which thereby triggered I.C. System's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate the TWC debt.

57. Upon information and belief, I.C. System failed to conduct a reasonable investigation into Mrs. Martin's dispute concerning the negative credit information concerning Mrs. Martin and the alleged I.C. System debt that I.C. System is furnishing to one or more consumer reporting agencies.

58. Upon information and belief, I.C. System falsely verified the accuracy of the disputed negative credit information to one or more consumer reporting agencies.

59. As a result of I.C. System's failure to conduct a reasonable investigation of Mrs. Martin's dispute, Mrs. Martin suffered actual damages in the form of a lowered credit score and denial of credit.

60. I.C. System violated the FDCPA by attempting to collect a debt from Mrs. Martin that she does not in fact owe and by reporting false credit information about Mrs. Martin and the

TWC debt.

61. I.C. System violated the FCRA by failing to conduct a reasonable investigation of Mrs. Martin's dispute after receiving notice of the dispute from one or more consumer reporting agencies.

**V.     Facts Relating to Pinnacle Credit Services, LLC**

62. Pinnacle Credit Services, LLC ("Pinnacle") is a "furnisher" of information within the meaning of the FCRA.

63. On March 26, 2016, Pinnacle opened a "new" account for Mrs. Martin in connection with a Verizon Wireless debt.

64. The Verizon debt was uses solely for personal, family, and household purposes, which makes the Verizon debt a "debt" within the meaning of the FDCPA.

65. The Verizon debt is over ten years old and arises out of a dispute the Martins had with Verizon in connection with extra charges Verizon placed on the account with which the Martins disagreed.

66. Mrs. Martin, by counsel, disputed the negative credit information furnished by Pinnacle and the Verizon debt.

67. Mrs. Martin's counsel sent written dispute letters to Experian, Equifax, and Trans Union.

68. Upon information and belief, Experian, Equifax, and Trans Union all sent Pinnacle notice of Mrs. Martin's dispute, which thereby triggered Pinnacle's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate the Verizon debt.

69. Upon information and belief, Pinnacle failed to conduct a reasonable investigation into Mrs. Martin's dispute concerning the negative credit information concerning Mrs. Martin and the alleged Pinnacle debt that Pinnacle is furnishing to one or more consumer reporting agencies.

70. Upon information and belief, Pinnacle falsely verified the accuracy of the disputed negative credit information to one or more consumer reporting agencies.

71. As a result of Pinnacle's failure to conduct a reasonable investigation of Mrs. Martin's dispute, Mrs. Martin suffered actual damages in the form of a lowered credit score and denial of credit.

72. Pinnacle violated the FDCPA by falsely representing the legal status of the Verizon debt, *e.g.* falsely stating the date of the first delinquency of the debt, and by reporting false credit information about Mrs. Martin and the Verizon debt.

## VI. Facts Relating to Experian, Equifax, and Trans Union

73. The Martins failed to pay all of their 2004 federal income taxes. As a result, the Internal Revenue Service ("IRS") filed a tax lien in the Jefferson County Clerk's office on December 6, 2005. LB 0855, PG 0338.

74. The Martins later paid off their tax debt.

75. The IRS filed a tax lien release on April 24, 2013. LB 01416, PG 0226.

76. Both the IRS tax lien and tax lien release are public records easily available to all. Further, the records are also available online.

77. In 2016, the Martins obtained and reviewed copies of their consumer credit reports from defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union").

78. Mr. and Mrs. Martins' consumer credit reports from Equifax, Experian, and Trans Union all reported inaccurately that the IRS tax lien was unpaid and unreleased.

79. The Martins were denied credit and financing because of inaccurate credit information published by Equifax, Experian, and Trans Union in connection with the IRS tax lien. In particular, Equifax, Experian, and Trans Union each falsely and incorrectly published to one or more of its subscribers and users of its consumer reports that the IRS tax lien remained unpaid and unreleased.

80. Equifax, Experian, and Trans Union's reporting of the IRS tax lien as unpaid and unreleased was inaccurate in violation of the FCRA, 15 U.S.C. § 1681e(b). Equifax, Experian, and Trans Union each failed to follow reasonable procedures to assure maximum possibility accuracy in the preparation of the Martins' credit reports and credit files each it publishes and maintains concerning the Martins. If Equifax, Experian, and Trans Union had reasonable procedures in place, Equifax, Experian, and Trans Union would have each discovered that IRS had filed a release of its tax lien *before* publishing the Martins' credit report to their subscribers and users of its consumer reports in connection with the Martins' loan and credit applications.

81. Equifax, Experian, and Trans Union failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with publishing credit information

concerning the Martins the released IRS tax lien.

82. As result of Equifax's, Experian's, and Trans Union's reporting of false negative credit information concerning the IRS tax lien, *i.e.* failing to report that the IRS had released the lien, the Martins were denied application for credit and had to pay more for credit.

## CLAIMS FOR RELIEF

I. **Claims against GLA Collection Co., Inc.**

    A. **Declaratory Relief**

83. Plaintiffs request that the Court declare KRS 404.040 unconstitutional on the grounds that it violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

    B. **Violation of the FDCPA**

84. The foregoing acts and omissions of GLA Collection Co., Inc. violate the FDCPA, including 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute.

II. **Claims against Norton Physician Services Billing, Assumed name for Community Medical Assoc., Inc:**
### Defamation

85. Norton Physician Services Billing reported and published false negative credit information about Mrs. Martin and an alleged debt to one or more debt collection agencies.

86. Norton Physician Services Billing did not have a privilege to report and publish this false negative credit information.

87. Norton Physician Services Billing was grossly negligent or negligent in reporting and publishing this false negative credit information.

88. Mrs. Martin was harmed by the defamatory information reported and published by Norton Physician Services Billing.

III. **Claims against One Advantage, LLC: Violation of the FDCPA**

89. The foregoing acts and omissions of One Advantage, LLC violate the FDCPA,

including 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute.

### IV. Claims against I.C. System, Inc.

#### A. Violation of the FDCPA

90. The foregoing acts and omissions of I.C. System, Inc. ("I.C. System") violate the FDCPA, including 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute.

#### B. Violation of the FCRA

91. The foregoing acts and omissions of I.C. System violate the FCRA.

##### i. Violations of 15 U.S.C. § 1681n

92. After being informed by Equifax, Experian, and/or Trans Union that Mrs. Martin disputed the accuracy of the information it was providing concerning Mrs. Martin and the TWC debt, I.C. System willfully failed to conduct a proper investigation of Mrs. Martin's disputes, filed with Equifax, Experian, and/or Trans Union, that I.C. System was furnishing false negative credit information about Mrs. Martin and the TWC debt, which Mrs. Martin did not owe.

93. I.C. System willfully failed to review all relevant information purportedly provided by Equifax, Experian, and/or Trans Union to I.C. System in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

94. I.C. System willfully failed to direct Equifax, Experian, and/or Trans Union to delete inaccurate information about Mrs. Martin pertaining to the TWC debt as required by 15 U.S.C. § 1681s-2(b)(C).

95. Mrs. Martin has a private right of action to assert claims against I.C. System arising under 15 U.S.C. § 1681s-2(b).

96. I.C. System is liable to Mrs. Martin for the actual damages she has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

##### ii. Violation of 15 U.S.C. § 1681o

97. After being informed by Equifax, Experian, and/or Trans Union that Mrs. Martin

disputed the accuracy of the information it was providing concerning Mrs. Martin and the TWC debt, I.C. System and/or negligently failed to conduct a proper investigation of Mrs. Martin's disputes, filed with Equifax, Experian, and/or Trans Union, that I.C. System was furnishing false negative credit information about Mrs. Martin and the TWC debt, which Mrs. Martin did not owe.

98. I.C. System negligently failed to review all relevant information purportedly provided by Equifax, Experian, and/or Trans Union to I.C. System in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

99. I.C. System negligently failed to direct Equifax, Experian, and/or Trans Union to delete inaccurate information about Mrs. Martin pertaining to the TWC debt as required by 15 U.S.C. § 1681s-2(b)(C).

100. Mrs. Martin has a private right of action to assert claims against I.C. System arising under 15 U.S.C. § 1681s-2(b).

101. I.C. System is liable to Mrs. Martin for the actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

### V. Claims against Pinnacle Credit Services, LLC

#### A. Violation of the FDCPA

102. The foregoing acts and omissions of Pinnacle Credit Services, LLC ("Pinnacle") violate the FDCPA, including 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute.

#### B. Violation of the FCRA

103. The foregoing acts and omissions of Pinnacle violate the FCRA.

##### i. Violations of 15 U.S.C. § 1681n

104. After being informed by Equifax, Experian, and/or Trans Union that Mrs. Martin disputed the accuracy of the information it was providing concerning Mrs. Martin and the Verizon debt, Pinnacle willfully failed to conduct a proper investigation of Mrs. Martin's disputes, filed with Equifax, Experian, and/or Trans Union, that Pinnacle was furnishing false negative credit information about Mrs. Martin and the Verizon debt.

105. Pinnacle willfully failed to review all relevant information purportedly provided

by Equifax, Experian, and/or Trans Union to Pinnacle in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

106. Pinnacle willfully failed to direct Equifax, Experian, and/or Trans Union to delete inaccurate information about Mrs. Martin pertaining to the Verizon debt as required by 15 U.S.C. § 1681s-2(b)(C).

107. Mrs. Martin has a private right of action to assert claims against Pinnacle arising under 15 U.S.C. § 1681s-2(b).

108. Pinnacle is liable to Mrs. Martin for the actual damages she has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

### ii. Violation of 15 U.S.C. § 1681o

109. After being informed by Equifax, Experian, and/or Trans Union that Mrs. Martin disputed the accuracy of the information it was providing concerning Mrs. Martin, Pinnacle negligently failed to conduct a proper investigation of Mrs. Martin's disputes, filed with Equifax, Experian, and/or Trans Union, that Pinnacle was furnishing false negative credit information about Mrs. Martin and the Verizon debt.

110. Pinnacle negligently failed to review all relevant information purportedly provided by Equifax, Experian, and/or Trans Union to Pinnacle in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

111. Pinnacle negligently failed to direct Equifax, Experian, and/or Trans Union to delete inaccurate information about Mrs. Martin pertaining to the Verizon debt as required by 15 U.S.C. § 1681s-2(b)(C).

112. Mrs. Martin has a private right of action to assert claims against Pinnacle arising under 15 U.S.C. § 1681s-2(b).

113. Pinnacle is liable to Mrs. Martin for the actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

## VI. Claims against Trans Union, LLC

114. The foregoing acts and omissions by Trans Union, LLC violate the FCRA.

115. Trans Union, LLC violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. and Mrs. Martin and the IRS tax lien.

116. Trans Union's conduct, actions and inactions were willful, rendering Trans Union liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Trans Union was on clear notice that the failure to update public records with respect to judgments was improper due to similar lawsuits raising the same or similar claims as this action having been filed against Trans Union in this and other jurisdictions for the same or similar claims of failing to update public records with respect to judgments.

117. In the alternative, Trans Union's conduct, actions and inactions were grossly negligent or negligent rendering Trans Union liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## VII. Claims against Equifax Information Services, LLC

118. The foregoing acts and omissions by Equifax Information Services, LLC violate the FCRA.

119. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. and Mrs. Martin and the IRS tax lien.

120. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Equifax was on clear notice that the failure to update public records with respect to judgments was improper due to similar lawsuits raising the same issue having been brought against Equifax and Equifax held liable in this and other jurisdictions.

121. In the alternative, Equifax's conduct, actions and inactions were grossly negligent or negligent under 15 U.S.C. § 1681o making Equifax liable for Plaintiff's actual damages, attorney's fees and costs.

**VIII. Claims against Experian Information Solutions, Inc.**

122. The foregoing acts and omissions by Experian Information Solutions, Inc. violate the FCRA.

123. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. and Mrs. Martin and the IRS tax lien.

124. Experian's conduct, actions and inactions were willful, rendering Experian liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Experian was on clear notice that the failure to update public records with respect to judgments was improper due to similar lawsuits raising the same issue having been brought against Experian and Experian held liable in this and other jurisdictions.

125. In the alternative, Experian's conduct, actions and inactions were grossly negligent or negligent under 15 U.S.C. § 1681o making Experian liable for Plaintiff's actual damages, attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Bryan and Bridgett Martin request that the Court grant them the following relief:

1. Award Plaintiffs maximum statutory damages against each Defendant pursuant to the FDCPA and FCRA;

2. Award Plaintiffs actual damages against each Defendant pursuant to the FDCPA and FCRA;

3. Award Plaintiffs punitive damages against Norton Physician Services Billing, Assumed name for Community Medical Assoc., Inc.; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Trans Union, LLC, pursuant to the FCRA;

4. Declare that KRS 404.040 is unconstitutional in that it violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution;

5. Award Plaintiff reasonable attorney's fees and costs;

6. A trial by jury; and

7.       Such other relief as may be just and proper.

        Submitted by:

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com